IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAIME B. PALACIOS,

    *Plaintiff,*

    v.

U.S. BANK NATIONAL
ASSOCIATION, ET AL.,

    *Defendants.*

Civil Action No.: ELH-15-2081

## MEMORANDUM OPINION

Jaime Palacios, who is self-represented, filed suit on July 16, 2015, against U.S. Bank, National Association ("U.S. Bank") and the law firm of Samuel I. White, P.C. ("White"), defendants, alleging that defendants made "unlawful attempts to collect delinquent home mortgage debts" (ECF 1 ¶ 1), submitted false evidence to a federal court, and engaged in civil conspiracy. *See* ECF 1. U.S. Bank and White moved to dismiss the complaint. ECF 8; ECF 13. With leave of court (ECF 21), plaintiff filed a "First Amended Complaint" (ECF 22), supported by five exhibits. ECF 22-1 through ECF 22-5. Plaintiff seeks declaratory relief (Count I) and alleges claims for civil fraud (Count II and Count III); "civil RICO" (Count IV); "civil cospiracy [sic]" (Count VI);[1] bad faith (Count VII); and "negligence and gross negligence" (Count VIII). ECF 22 ¶¶ 44-81.

Pursuant to rules 12(b)(1), 12(b)(6), and 56 of the Federal Rules of Civil Procedure, White has moved to dismiss or, in the alternative, for summary judgment (ECF 23). The motion is supported by a memorandum of law (ECF 23-1) (collectively, the "White Motion") and five

---

[1] The "First Amended Complaint" does not contain a Count V.

exhibits.   ECF 23-2 through ECF 23-6.   Pursuant to Fed. R Civ. P. 12(b)(6), U.S. Bank has

moved to dismiss plaintiff's "First Amended Complaint" (ECF 25), supported by a memorandum

of law (ECF 25-1) (collectively, the "U.S. Bank Motion"), and eleven exhibits.   ECF 25-2

through ECF 25-12.

Plaintiff has not responded to the White Motion (ECF 23) or to the U.S. Bank Motion

(ECF 25), and the time to do so has expired.[2]   *See* Local Rule 105.2(a).   Instead, plaintiff has

filed a "Motion for Leave to File Second Amended Complaint" (ECF 27, "Motion to Amend").

*See also* ECF 27-1, proposed Second Amended Complaint, as corrected by ECF 28-1.   Both

White (ECF 29) and U.S. Bank (ECF 30) oppose the Second Motion to Amend, and plaintiff has

replied.   ECF 31; ECF 32.

No hearing is necessary to resolve the motions.   *See* Local Rule 105.6.   For the reasons

that follow, I will construe the White Motion (ECF 23) as a motion to dismiss and grant it.   I will

also grant the U.S. Bank Motion.   ECF 25.   And, I will deny the Second Motion to Amend.   ECF

27.

## I.      Factual and Procedural Background[3]

On July 31, 2003, plaintiff purchased a residential property in Falls Church, Virginia (the

"Property").   ECF 25-2 at 3-4.   In connection with the purchase, plaintiff executed a deed of trust

---

[2] The Clerk sent two notices to plaintiff, advising him of his right to respond.   *See* ECF 24; ECF 26; *see also Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

[3] Because plaintiff is self-represented, his submissions must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).   Moreover, given the posture of this case, I shall assume the truth of plaintiff's allegations.

As discussed, *infra*, I may consider documents attached to the U.S. Bank Motion (ECF 25), which, in my view, are integral to the "First Amended Complaint."   ECF 22.   I also take judicial notice of the various court filings related to plaintiff's opposition to foreclosure of his Property.   To the extent that I cite to other federal cases involving plaintiff, I have endeavored to make clear that the ECF references pertain to those cases, and not the case *sub judice*.

that secured a mortgage of $320,000 as a lien on the Property.  ECF 25-3 at 3-10.  On May 30, 2006, plaintiff executed a "Gift Deed" (ECF 25-4 at 3-4), which vested the Property in the names of Jaime Palacios and Monica Palacios as "Tenants by the Entirety."  *Id.* at 3.  Monica Palacios is the wife of Jaime Palacios.[4]  Jaime and Monica Palacios refinanced the mortgage on June 9, 2006, obtaining a loan in the amount of $455,000.  ECF 25-5 at 3-18.  A "Note" as to the Property in the amount of $455,000, dated June 9, 2006, identifies the "Lender" as "First National Bank of Arizona."  ECF 22-3 at 6-8.  Monica Palacios alone signed the "Note" as "Borrower." *Id.* at 8.

Pursuant to a "Loan Modification Agreement" dated November 19, 2009, between Monica and Jaime Palacios and "Wells Fargo Bank, N.A., d/b/a/ America's Servicing Company" (ECF 22-2), the "'Unpaid Principal Balance'" increased to $479,045.30.  *See id.* at 1-2.  As discussed, *infra*, plaintiff vigorously contests the authenticity of the "Loan Modification Agreement."  *See* ECF 22 ¶ 17.

By way of an "Assignment" dated April 1, 2011 (ECF 25-6 at 3), the deed of trust for the Property was transferred from "Mortgage Electronic Registration Systems, Inc. ('MERS'), as nominee for First National Bank of Arizona . . ." to U.S. Bank, "as Trustee, successor in interest to Bank of America, National Association, as Trustee (successor by merger to LaSalle Bank National Association) as Trustee for Morgan Stanley Mortgage Loan Trust 2006-12XS, its successors . . . ."  *Id.*  Wells Fargo Bank, N.A. ("Wells Fargo") served as U.S. Bank's mortgage servicer.  *See* ECF 22 at 2; *see also In Re Jaime* Palacios, 13-11200-RGM (Bankr. E.D. Va.)

---

[4] According to a transcript of a hearing held by the United States Bankruptcy Court for the Eastern District of Virginia on January 9, 2013, Monica and Jaime Palacios apparently separated and subsequently reconciled.  As of January 2013, Monica and Jaime Palacios remained married.  *See In re Jaime Palacios*, 12-16099-RGM (Bankr. E.D. Va.) (ECF 26 at 9).

(ECF 21).   At some unspecified point, Monica and Jamie Palacios ceased to make payments on the mortgage and foreclosure proceedings commenced.

U.S. Bank asserts, ECF 25-1 at 2: "Plaintiff . . . has engaged in a multi-court, multi-year campaign" against U.S. Bank, White, and others "in an effort to prevent the foreclosure of his property."   From the parties' submissions, it is not possible to ascertain the complete history of plaintiff's legal battles to stave off foreclosure as to the Property.[5]   However, the relevant procedural history is as follows:

On July 27, 2011, in the United States Bankruptcy Court for the Eastern District of Virginia, Monica Palacios filed a voluntary petition for bankruptcy under Chapter 7 of the United States Bankruptcy Code.   *In re Monica Palacios*, 11-15499-RGM (Bankr. E.D. Va.) (ECF 1).   She received a discharge on November 23, 2011.[6]   *Id.*, ECF 34.

On July 25, 2012,[7] plaintiff, as next friend of his minor children, Vittorio Palacios and Vanessa Palacios, as well as Alexandra Palacios, plaintiff's adult child,[8] filed a "Complaint to

---

[5] The White Motion (ECF 23-1 at 8-9) discusses additional suits that plaintiff filed, apparently in Virginia state courts, to avoid foreclosure of the Property.  White has not submitted records from these cases or provided citations for some of the cases.  *See id.*

[6] On May 21, 2013, *i.e.*, after plaintiff had filed for bankruptcy, Wells Fargo and U.S. Bank filed in Ms. Palacios's bankruptcy case a "Motion to Lift Stay."  11-15499-RGM, ECF 41. On June 4, 2013, Wells Fargo and U.S. Bank filed a "Motion for Examination Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Memorandum in Support Thereof" (the "Rule 2004 Motion").  *Id.*, ECF 48.  But, on June 24, 2013, they withdrew their Rule 2004 Motion.  *Id.*, ECF 54.  Wells Fargo and U.S. Bank apparently abandoned their "Motion to Lift Stay" (*id.*, ECF 41).  *See id.*, ECF 59, "Notice of Failure to Prosecute."  The case was closed on September 5, 2013.  *Id.*, ECF 62.

[7] The "Complaint to Enjoin Foreclosure" (ECF 27-5 at 1-6) is undated, but alleged that a "foreclosure sale" as to the Property "has been noticed to July 31, 2012 . . . ."  *Id.* at 2. According to U.S. Bank, the "Complaint to Enjoin Foreclosure" (ECF 25-7 at 1-6) was filed on July 25, 2012.  ECF 25-1 at 4.

Enjoin Foreclosure" in the Circuit Court of Fairfax County, Virginia.   ECF 25-7.   The

"Complaint to Enjoin Foreclosure" named as defendants Professional Foreclosure Corporation of

Virginia ("PFC"), the substitute trustee, and U.S. Bank.   *Id.* at 1.   The "Complaint to Enjoin

Foreclosure" stated, in relevant part, *id.* at 1-2:

> This is a complaint to stop a foreclosure on a property under a deed of trust that
> secures a note on which there is no liability by the current owners. The complaint
> claims that the current owners are minors and therefore there must be a court
> hearing on the issues of the case, that underlying [sic] deed of trust is flawed and
> invalid and that the appointment of the substitute trustee to conduct the
> foreclosure sale (which has been noticed to July 31, 2012) was improperly
> appointed and lacks authority.

In particular, the "Complaint to Enjoin Foreclosure" contended that U.S. Bank did not

hold a valid promissory note as to the Property.   ECF 25-7 at 3 ¶ 8.   It pertinent part, it alleged,

*id.* (bold in original):

> Defendant US Bank National Association asserts that it is the noteholder of a
> **promissory note** that is secured by a deed of trust upon the Subject Property. . . .
> The note was signed solely by a former owner, Monica Palacios, the mother of the
> plaintiffs. Monica Palacios has since filed bankruptcy and has been discharged
> from liability on this subject note.  Neither Jaime Palacios nor any of the plaintiffs
> have personal liability on the note. There have two [sic] different allonges written
> for this note that was reported lost in 2009. Neither bears a date of its making and
> appear [sic] on different bank letterhead [sic]. It cannot be determined, therefore,

---

[8] The U.S. Bank Motion states, ECF 25-1 at 4: "On July 25, 2012, Jaime Palacios, either
in his own name or as next friend of his children, filed a lawsuit in Fairfax County Circuit Court,
naming U.S. Bank, N.A and Professional Foreclosure Corporation of Virginia ('PFC') as
defendants, and seeking to unwind the mortgage refinancing and to stop the scheduled
foreclosure sale of the Property."  The "Complaint to Enjoin Foreclosure" (ECF 25-7), however,
identified Alexandra Palacios as an "adult," suing on her own behalf.  *Id.* at 2 ¶ 4.  During a
subsequent hearing before the United States Bankruptcy Court for the Eastern District of
Virginia, plaintiff provided a contradictory answer ("No – yes."), when the court inquired
whether Alexandra Palacios had reached majority by May 31, 2011, the date on which the Gift
Deed was executed.  *See In re Jaime Palacios*, 12-16099-RGM (Bankr. E.D. Va.) (ECF 26 at 8).

.

when the allonge(s) was made in comparison with [sic] the termination of the original lender as a bank.

A second "Gift Deed," dated May 31, 2011, is attached as "Exhibit A" to the "Complaint to Enjoin Foreclosure."   ECF 25-7 at 7-8.   It shows that plaintiff, as "Sole Owner" of the Property, transferred the Property to Alexandra Palacios, Vanessa Palacios, and Vittorio Palacios as "Tenants in Common."   *Id.* at 7.[9]

The "Complaint to Enjoin Foreclosure" also argued that there were "problems" with the deed of trust dated June 9, 2006.   *Id.* at 3 ¶ 9.a (referring to Exhibit C, "Deed of Trust" dated June 9, 2006 (ECF 25-7 at 14-28)).   In particular, it submitted that the deed of trust had been "alter[ed]" without plaintiff's knowledge.   *Id.* at 4 ¶ 9.a.  The "Complaint to Enjoin Foreclosure" sought, *inter alia*, "a temporary/preliminary and permanent injunction against a foreclosure by these Defendants until such time as the proper persons with proper documents and with proper authority have been established and there is a court ruling as to the sale of the minor's [sic] land."   *Id.* at 5 ¶ 15.

PFC and U.S. Bank filed a Plea in Bar and a Demurrer, which the Circuit Court of Fairfax County granted by Order of September 14, 2012.   ECF 25-8 at 2.   As a result, the "Complaint to Enjoin Foreclosure" was dismissed, "with prejudice."[10]   *Id.*

---

[9] From the parties' submissions, the precise chain of conveyances concerning the Property is unclear. Based on the transcript of a hearing held by the United States Bankruptcy Court for the Eastern District of Virginia on January 9, 2013, it appears that plaintiff and his family members gifted the Property among themselves a number of times.  *See In re Jaime Palacios*, 12-16099-RGM (Bankr. E.D. Va.) (ECF 26 at 9-10).

[10] Judge Robert J. Smith appears to have made handwritten additions to a proposal order that plaintiffs apparently submitted.  It appears that Judge Smith crossed out one letter after the handwritten word "with."  *See* ECF 25-8 at 2.  In relevant portion, the order states, ECF 25-8 at 2: "[T]he Plea at Bar is sustained; and [t]he Complaint is [d]ismissed, with prejudice."

On October 11, 2012, in the United States Bankruptcy Court for the Eastern District of Virginia, plaintiff filed a voluntary petition for bankruptcy pursuant to Chapter 13 of the United States Bankruptcy Code.   *In re Jaime Palacios*, 12-16099-RGM (Bankr. E.D. Va.) (ECF 1). However, plaintiff failed to file a schedule and the Bankruptcy Court dismissed the case on January 11, 2013.  *Id.*, ECF 21; *see id.*, ECF 15, Chapter 13 Trustee's "Motion to Dismiss."  The case was terminated on April 23, 2013.  *Id.*, ECF 31.

In the interim, on March 18, 2013, plaintiff filed a second voluntary petition for bankruptcy relief under Chapter 13 of the Bankruptcy Code, also in the United States Bankruptcy Court for the Eastern District of Virginia.  *In re Jaime Palacios*, 13-11200-RGM (Bankr. E.D. Va.) (ECF 1).  Plaintiff later converted the case to a petition under Chapter 7.  *Id.*, ECF 26; *see id.*, ECF 24.  On April 8, 2013, Wells Fargo, as U.S. Bank's mortgage servicer, filed a "Motion to Lift Stay" (*id.*, ECF 21) to permit foreclosure proceedings to continue against the Property.   The Bankruptcy Court entered an "Order Granting Motion for Relief from the Automatic Stay" on June 6, 2013.  *Id.*, ECF 64.[11]  In particular, the bankruptcy court "concluded that cause exists to terminate the automatic stay pursuant to 11 U.S.C. § 362(d)(2) because the Debtor lacks equity in the real property that is collateral for the loan held by U.S. Bank and serviced by Wells Fargo, and such real property is not necessary to a reorganization of the Debtor . . . ."  *Id.* at 1.

On June 4, 2013, during the pendency of plaintiff's second bankruptcy petition, plaintiff initiated an adversary proceeding against U.S. Bank, Wells Fargo, and others, titled "Complaint

---

[11] Plaintiff appealed the Bankruptcy Court's "Order Granting Motion for Relief from the Automatic Stay" (13-11200-RGM, ECF 64).  *Jaime Palacios v. Wells Fargo Bank*, 13-cv-830-CMH-TCB (E.D. Va.) (ECF 1).  The district court dismissed plaintiff's appeal for failure to comply with Federal Bankruptcy Rule 8006 and Local Bankruptcy Rule 8006-1.  *Id.*, ECF 3. Plaintiff later withdrew (*id.*, ECF 6) his "Motion to Alter or Amend Judgment."  *Id.*, ECF 4.

to Determine the Nature, Extent and Validity of Lien and to Disallow Secured Claim, Forgery, Libel[,] Quiet Title and Injunctive Relief." *Jaime Palacios v. Wells Fargo Bank, NA, et al.*, 13-01131-RGM (Bankr. E.D. Va.) (ECF 1).  He alleged, in part, *id.*, ECF 1 at 10 ¶ 46:

> Defendants US Bank and Wells Fargo and its [sic] respective counsel knew that the false allonge to the Note was created for the purpose of exercising authority over a deed of trust and that the documents were fraudulent in nature and contained false signatures of the persons posing as officers of entities related to the Note even though none of the signators [sic] held the officer position indicated on the false documents.

Thereafter, Wells Fargo moved to dismiss the adversary proceeding.  *Id.*, ECF 6.  It said, in part, *id.* at 2:

> Three years ago, Mr. Palacios embarked on a crusade to frustrate creditors and invalidate any liens on the real property securing the loan at issue by bandying the property amongst various family members under the guise of "gift deeds" and other seemingly purposeless conveyances.  Mr. Palacios then sought a determination in state court that Wells Fargo lacked an interest in the property and that the bank was not entitled to foreclose upon it.  That claim was rejected with prejudice by [the] Fairfax County Circuit Court.

Plaintiff received a discharge on August 20, 2013.  *Id.*, ECF 87.  He filed a "Voluntary Dismissal" of the adversary proceeding on September 15, 2013.  *Id.*, ECF 8.[12]

On December 27, 2013, plaintiff filed suit in United States District Court for the Eastern District of Virginia against a law firm, Shapiro, Brown & Alt, LLC ("Shapiro"), and PFC.  *Jaime Palacios v. Shapiro, Brown & Alt, LLC, et al.*, 13-cv-01582-LO-TCB (E.D. Va.) (ECF 1).  Plaintiff, who was self-represented, alleged that PFC "is a company whose sole purpose is to serve as the substitute trustee for mortgage loans that are referred to Shapiro for the purpose of collecting delinquent debts and/or conducting foreclosure sales for which it purports to be as

---

[12] The case was originally closed on November 5, 2014 (13-11200-RGM, ECF 126), but was subsequently reopened and closed again on April 15, 2015.  *Id.*, ECF 138.

[sic] a substitute trustee." *Id.*, ECF 1, 3-4 ¶ 15. The complaint said, in pertinent part, *id.*, ECF 1 at 1 ¶ 1:

> Defendants, a debt collector law firm and the purported substitute trustee under the Deed of Trust engaged in numerous violations of federal law in that they: 1) initiated foreclosure activities when they had no present right to possession of the property, 2) knowingly made a series of false statements and representation in connection with the collection of the debt and of the alleged foreclosure and attempted foreclosure of Plaintiff's home, and 3) failed to identify the names of the creditors to whom the alleged debts were owed, all in violation of the Federal Collection Practices Act [sic] ("FDCPA' [sic]), 15 U.S.C. §§ et seq. Plaintiff further alleges that Defendants acted fraudulently in that they knowingly submitted false evidence and certified false pleadings to a federal court in connection with the collection of debt and foreclosure of Plaintiff's residence in their effort to rush through the foreclosure process. Moreover, Plaintiff alleges that Defendants engaged in a civil conspiracy to violate Virginia and Federal law.

Defendants moved to dismiss the complaint, *inter alia*, on grounds of res judicata. *Id.*, ECF 8 at 12-14. Before responding to defendants' motion to dismiss (*see id.*, ECF 14), plaintiff moved to file an amended complaint (*id.*, ECF 11), which the court granted. *Id.*, ECF 15. The "First Amended Complaint" (*id.*, ECF 11-1) was substantially similar to the original complaint. *See id.*, ECF 1. In relevant part, the "First Amended Complaint" alleged that "[v]arious entities have provided Plaintiff, different versions of the Note with allonges, e.g., Wells Fargo Bank, America[']s Servicing Company, Samuel I. White . . . ." *Id.*, ECF 11-1 at 4. According to plaintiff, the "allonge in a **<u>Bank of Arizona</u>** [letterhead]" (*id.* ¶ 17 (bold and underlining in original)) was contradicted by an allonge "made in a **Bank of Nevada letterhead**." *Id.* ¶ 20 (bold in original). Moreover, plaintiff contended that defendants' reliance on the allonge on a Bank of Arizona letterhead was fraudulent. *See id.* ¶¶ 16-29. In particular, plaintiff argued, *id.* ¶ 25: "The self[-]serving false documents were made intentionally and knowing that they were

untrue hoping that a pro se litigant would not be able to question the truthfulness of those representations."

By Order of June 26, 2014 (*id.*, ECF 24), the federal court granted defendants' renewed motion to dismiss. *Id.*, ECF 16; ECF 17. In dismissing the "First Amended Complaint" (*id.*, ECF 11-1), Judge Liam O'Grady noted plaintiff's litigious efforts to prevent foreclosure of the Property. He said, in relevant part, *id.*, ECF 24 at 1:

> For the past several years the Plaintiff, Jaime Palacios, has challenged the legality of documents associated with his mortgage. In particular, Palacios has repeatedly claimed that a 2006 gift deed made in his name is fraudulent. Palacios has also argued that certain documents related to the substitution of trustees seeking to enforce their collection rights under Palacios's mortgage are likewise fraudulent. These challenges have come in the shape of at least five civil actions filed in the Circuit Court of Fairfax County. Every single one has been dismissed with prejudice. *See generally* Dkt. No.8, Exhibits A-Y. These cases were brought against clerks of court, notaries, and Defendant Professional Foreclosure Corporation of Virginia, among others. *See id.*

Judge O'Grady concluded, *id.* at 3: "[E]ven if the court accepts the argument that [plaintiff's Fair Debt Collection Practices Act ('FDCPA'), 15 U.S.C. §§ 1692, *et seq*.,] claims (unlike his fraud claim) are not barred by the doctrine of res judicata, Palacios's complaint still cannot survive the Defendants' motion." In particular, he concluded, *id.* at 4: "[E]ven if the Court gives credence to all of Palacios's arguments concerning why his case should not be dismissed under doctrines of preclusion, his complaint still must be dismissed under the FDCPA statute of limitations set by Congress." Accordingly, Judge O'Grady dismissed the "First Amended Complaint" (*id.*, ECF 11-1) "**WITH PREJUDICE**." *Id.*, ECF 24 at 4 (bold and capitalized in original).

On December 2, 2014, in the United States Bankruptcy Court for the District of Maryland, plaintiff filed a voluntary petition for bankruptcy pursuant to Chapter 13 of the United

States Bankruptcy Code.  *In re Jaime Palacios*, RAG-14-28322 (Bankr. D. Md.) (ECF 1).  In that action, White served as counsel to U.S. Bank.  *Id.*, ECF 9.

White filed a claim on U.S. Bank's behalf on February 13, 2015, in the amount of $619,440.06, pursuant to the deed of the trust from Monica and Jaime Palacios, dated June 9, 2006.  *Id.*, Claim 4-1 at 1, 12-26.  U.S. Bank also submitted, *inter alia*, a copy of the Note, dated June 9, 2006 (*id.* at 6-8) and an "Allonge to Note" in the amount of $455,000.  *Id.* at 9.  The "Allonge to Note" reflects an assignment from the First National Bank of Arizona to the First National Bank of Nevada, and from the First National Bank of Nevada,[13] but the line for the assignee is blank.  *Id.*

On March 9, 2015, plaintiff filed an "Objection to Proof of Claim #4 Filed by U.S. Bank . . ." (the "Objection").  *Id.*, ECF 43.  The crux of plaintiff's Objection was that U.S. Bank "does not have a valid and perfected lien (legal or equitable) on the [P]roperty . . . ."  *Id.* at 1 (underlining in original).  In particular, plaintiff alleged, *id.* ¶ 13 (capitalized in original): "The Note and the allonge with endorsements in the BANK OF ARIZONA letterhead presented by [U.S. Bank] as POC #4 is a false document created to represent that [it] was originally endorsed by BANK OF ARIZONA."  Further, plaintiff averred, *id.* ¶ 20, that U.S. Bank:

> has not demonstrated that it is the owner, holder or that it could sell or transfer what it possessed, the Debtor therefore alleges upon information and belief that whoever owns the Note affecting the Debtor[']s property, presumably [U.S. Bank] does not hold a perfected and secured claim in the residential estate of the Debtor and the property of this estate in bankruptcy.

---

[13] The assignment from First National Bank of Nevada was authorized by Christopher Corcoran, Vice President of "Deutsche Bank National Trust Company, F/K/A Bankers Trust Company of California, N.A. as Custodian as Attorney in Fact."  *In re Jaime Palacios*, RAG-14-28322 (Bankr. D. Md.) (Claim 4-1 at 9).

On April 28, 2015, plaintiff filed a "Motiom [sic] to Deem Admission of Fact 'Admitted' by Samuel I. White, P.C. as Attorney for Wells Fargo Home Loans, Inc, Wells Fargo Bank, N.A., America[']s Servicing Company and U.S. Bank National Association" ("Motion for Admission").  *Id.*, ECF 65.  It said, in relevant part, *id.*, ECF 65 ¶¶ 1-4, 8-9 (bold and underlined in original):

> 1. The instant contested matter was initiated via the filing of a Proof of Claim#4-1 in which Samuel I. White, P.C. ("SIW' [sic]) as attorney for U.S. Bank introduced as evidence of claim [sic] a Note and an allonge in a **Bank of Arizona** letterhead bearing a blank endorsement. See. **Proof of Claim# 4-1 Exhibit A.**
>
> 2. Debtor filed an opposition to the claim and submitted evidence of a letter sent by SIW to debtor which shows that the Note in the year 2009 had an allonge in a **Bank of Nevada** letterhead with a blank endorsement. See **Doc#43, Exhibit C**[.]
>
> 3. Debtors [sic] allegation of a different and possible [sic] fabricated allonge are **based on the documentation provided to debtor by Samuel I. White, P.C. in June 30, 2009** which shows the Noted [sic] bearing an allonge in a Bank of Nevada letterhead with a blank endorsement. See **Doc#43, Exhibit C[.]**
>
> 4. Debtor quite possibly [sic] be subjected to a double collection as it appears there are two alonges to the Note with two blank endorsements  [sic] and lacks [sic] adequate protection.  Samuel I White, P.C. and its clients have not responded to this particular issue and have remained silent.
>
> . . . .
>
> 8. Samuel I. White, P.C. and its clients have not provided a clarification as to why the Note and allonge presented with Proof of Claim 4-1 is different than the one provide by Samuel I. White, America[']s Servicing Company and GMAC Mortgage.
>
> 9. Debtor contends that the facts and documents produced by counselor SIW in **June 30, 2009** are irrefutable and therefore must be admitted into record[.]

White, as counsel to U.S. Bank, filed an opposition (*id.*, ECF 78) to the Motion for Admission.  *Id.*, ECF 65.  It asserted, *inter alia*, that U.S. Bank "is the holder of a note indorsed

in Blank" and that "possession of the note alone allows U.S. Bank to enforce its claim."  *Id.*, ECF 78 ¶ 1.

The United States Bankruptcy Court for the District of Maryland held a hearing on June 15, 2015.  *Id.*, ECF 94.  By Orders of June 18, 2015 (*id.*, ECF 95, ECF 96), Judge Gordon denied the Motion for Admission (*id.*, ECF 65) and overruled plaintiff's Objection (*id.*, ECF 43) to U.S. Bank's claim (*id.*, Claim 4-1).  After another hearing on July 15, 2015 (*id.*, ECF 105), Judge Gordon granted the Trustee's renewed "Motion to Dismiss Case for Failure to Maintain Payments and Failure to Cooperate" (*id.*, ECF 55) and dismissed the case.  *Id.*, ECF 107.[14]

On July 16, 2015, one day after the motion hearing held by Judge Gordon, plaintiff brought this action.  ECF 1.  The "First Amended Complaint" (ECF 22) is not a model of clarity and appears to recycle portions of plaintiff's "Objection" (RAG-14-28322, ECF 43) and "Motion for Admission" (*id.*, ECF 65).  The "First Amended Complaint" (ECF 22) seeks "declaratory relief declaring to [sic] allonges to the Note to be invalid and legally insufficient, and raise[s claims as to] additional violations of the law, namely, violations of the Racketeer Influenced and Corrupt Organization Act."  *Id.* at 1.

The crux of the "First Amended Complaint" (ECF 22) is the allegation that defendants conspired to defraud plaintiff by knowingly submitting forged and incomplete records in previous proceedings, so as to deprive plaintiff of his interest in the Property under the guise of foreclosure.  Plaintiff contends, *inter alia*, that "Defendant's [sic] conduct" is "part of a pattern of continuous criminal violations and 'racketeering' activity" that is actionable under "RICO's

---

[14] Initially, the case was dismissed with prejudice.  RAG-14-28322, ECF 107.  But, by Order of February 2, 2016 (ECF 120), Judge Gordon granted plaintiff's motion to reconsider (*id.*, ECF 110) and dismissed the case without prejudice.

substantive provisions." ECF 22 ¶ 55. With the exception of plaintiff's bankruptcy proceeding in the District of Maryland (*id.* ¶ 20), plaintiff does not describe the half decade of litigation that preceded this suit. However, plaintiff alleges "a broad pattern of fraud, deception and deficient documentation by the Defendant's [sic] filing in federal and state courts . . . ." ECF 22 at 2.

Plaintiff's argument proceeds along two main avenues. First, the "First Amended Complaint" (ECF 22) "focuses on the bad faith of Defendants to suppress, destroy, hide, mutilate allonges to the Note in a concerted effort to enrich themselves to the detriment of Plaintiff." ECF 22 ¶ 5. In particular, plaintiff alleges: "Defendants have at all times have [sic] presented Plaintiff with two allonges with two blank endorsement [sic] thereby subjecting Plaintiff to double collection or in the alternative are fraudulent documents so Defendants can obtain legal rights under the Note." *Id.* at 2 (underlined in original). In this regard, plaintiff has attached an undated "Allonge to Note," on letterhead for the First National Bank of Nevada, pertaining to his second mortgage in the amount of $455,000. ECF 22-1 at 1. Plaintiff has also submitted a second undated "Allonge to Note," also pertaining to his second mortgage in the amount of $455,000, on letterhead for the First National Bank of Arizona. *Id.* at 2. Plaintiff submits, ECF 22 ¶ 25: "The Note and the allonge with endorsements in a BANK OF ARIZONA letterhead . . . is a false document . . . ." As such, plaintiff maintains that the allonge "cannot transfer any interest in the Note to [U.S. Bank] or any other entity." *Id.* ¶ 29. According to plaintiff, the two allonges demonstrate "a concerted effort by [defendants] to misrepresent facts to the Court by failing to inform the court of the existence of the allonge in a Bank of Nevada letterhead and to explain the disparity between the allonge of 2009 and the allonge presented [to the bankruptcy court in Maryland] as part of POC#4." *Id.* ¶ 37.

- 14 -

Second, plaintiff submits that the "Loan Modification Agreement" of November 19, 2009, was "executed without legal authority by Wells Fargo in the absence of proof that Wells Fargo did own the Loan at the time the loan was modified." *Id.* ¶ 19 (underlined in original). In this regard, plaintiff avers, *id.* ¶ 18: "Plaintiff has learned that Wells Fargo was never the owner of the debt and because at all times relevant Defendant [U.S. Bank] has indicated that it owns the loan." With regard to his bankruptcy proceeding in the District of Maryland, plaintiff asserts: "Defendants falsely introduced the Loan Modification Agreement as part of Proof of Claim#4. Nowhere in the Loan Modification Agreement is the name of [U.S. Bank] as 'Lender' or an assignment that would confer ownership rights under the agreement." *Id.* ¶ 23.

As relief, plaintiff seeks, *inter alia*, "a finding that the purported Allonges to the Note and the Loan Modification Agreement is void and of no force . . . ." *Id.* ¶ 46.

As discussed, plaintiff has also filed a Second Motion to Amend (ECF 27), along with a corrected proposed Second Amended Complaint (ECF 28-1). The proposed "Second Amended Complaint" (ECF 28-1) reiterates many of the allegations as to U.S. Bank and White that are contained in the "First Amended Complaint" (ECF 22), but adds Wells Fargo as a defendant. In particular, the proposed "Second Amended Complaint" (ECF 28-1) alleges, *inter alia*, that Wells Fargo violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ECF 27 at 1; ECF 28-1 ¶¶ 143-45. Plaintiff submits, ECF 27 at 2: "Based on the refusal to comply with the debt validation and claims of preclusion for the ongoing litigation Wells Fargo has injected itself in this case as an indispensable party. Plaintiff has no choice but to add Wells Fargo Bank as Defendant to obtain answers as to the Loan Modification and to prove if is [sic] indeed the ('Lender')." Plaintiff also contends, *id.*: "Plaintiff has concluded based on his investigation of facts that Wells Fargo has participated, facilitated, corroborated through its attorneys in fraudulent behavior to the

detriment of Plaintiff and willfully and maliciously conspired with others to file fraudulent documents in state and federal courts."   In particular, plaintiff alleges that "Wells Fargo . . . without any authority modified the deed of trust and loan affecting the plaintiff's property." ECF 27-1 at 2-3.

## II.    Standard of Review

Both the White Motion (ECF 23) and the U.S. Bank Motion (ECF 25) are premised on Fed. R. Civ. P. 12(b)(6).[15]

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6). *Goines v. Valley Cmty. Servs. Bd.*, ____ F.3d ____, 2016 WL 2621262, at *3 (4th Cir. May 9, 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom. McBurney v. Young,* ___ U.S. ___, 133 S.Ct. 1709 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). It provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendant with "fair notice" of the claim and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

---

[15] As discussed, the White Motion (ECF 23) also relies on Rule 12(b)(1) and seeks, in the alternative, entry of summary judgment pursuant to Fed. R. Civ. P. 56.  As I resolve the White Motion (ECF 23) as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), I need not address White's other arguments.

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)); *see also Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, ___ U.S. ___, 135 S. Ct. 346, 346 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted).

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint,'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert.*

*denied*, ___ U.S. ___, 132 S. Ct. 402 (2011); *Monroe v. City of Charlottesville,* 579 F.3d 380, 385-86 (4th Cir. 2009), *cert. denied*, 559 U.S. 992 (2010). But, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, ___ U.S. ___, 132 S. Ct. 1960 (2012).

A motion asserting failure to state a claim typically "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards*, 178 F.3d at 243 (quotation marks omitted); *see Houck*, 791 F. 3d at 484; *Tobey v. James*, 706 F.3d 379, 387 (4th Cir. 2013). But, "if all facts necessary to the affirmative defense 'clearly appear[] *on the face of the complaint*,'" or in other material that is the proper subject of consideration under Rule 12(b)(6), such a defense can be resolved on the basis of the facts alleged in the complaint. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc) (citation omitted) (emphasis in *Goodman*); *see Houck*, 791 F.3d at 484.

Ordinarily, in resolving a motion under Rule 12(b)(6), a court is "generally limited to a review of the allegations of the complaint itself." *Goines*, 2016 WL 2621262, at *3. *See Bosiger v. U.S. Airways, Inc.*, 510 F.3d 442, 450 (4th Cir. 2007); *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013) (*abrogated on other grounds* by *Reed v. Town of Gilbert, Ariz.*, ____ U.S. ____, 135 S. Ct. 2218 (2015), as recognized in *Cahaly v. Larosa*, 796 F.3d 399 (4th Cir. 2015)). Under certain limited exceptions, however, a court may consider documents

beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

Of relevance here, a court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits . . . ." *Goines*, 2016 WL 2621262, at *3 (citations omitted); *see U.S. ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014) (quoting *Philips v. Pitt Cty. Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)); *see Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999). A court may also "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines*, 2016 WL 2621262, at *3 (citations omitted). To be "integral," a document must be one "that by its 'very existence, *and not the mere information it contains*, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original).

However, "before treating the contents of an attached or incorporated document as true, the district court should consider the nature of the document and why the plaintiff attached it." *Goines*, 2016 WL 2621262, at *5 (citing *N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 455 (7th Cir. 1998)). "When the plaintiff attaches or incorporates a document upon which his claim is based, or when the complaint otherwise shows that the

plaintiff has adopted the contents of the document, crediting the document over conflicting allegations in the complaint is proper." *Goines*, 2016 WL 2621262, at *5. Conversely, "where the plaintiff attaches or incorporates a document for purposes other than the truthfulness of the document, it is inappropriate to treat the contents of that document as true." *Id.*

Plaintiff has attached five exhibits to his "First Amended Complaint." ECF 22. As discussed, Exhibit A contains an undated "Allonge to Note" on First National Bank of Nevada letterhead (ECF 22-1 at 1) and an undated "Allonge to Note" on First National Bank of Arizona letterhead. *Id.* at 2. Exhibit B is a "Loan Modification Agreement" dated November 19, 2009, between Monica and Jaime Palacios and Wells Fargo. ECF 22-2. Exhibit C is a partial copy of Claim 4-1, which U.S. Bank submitted to the United States Bankruptcy Court for the District of Maryland on February 13, 2015.[16] ECF 22-3. Exhibit D contains a letter dated June 30, 2009, from Donna J. Hall, on behalf of White, to Monica Palacios. ECF 22-4 at 1. The letter stated that it was a response to Monica Palacios's correspondence of June 25, 2009. *Id.* Attached to the letter is a copy of the Note dated June 9, 2006 (*id.* at 2-4); an "Addendum to Note" dated June 9, 2006 (*id.* at 5); and an undated "Allonge to Note" on First National Bank of Nevada letterhead. *Id.* at 6. Exhibit E contains a letter of August 11, 2015, from America's Servicing Company to Monica and Jaime Palacios. ECF 22-5 at 1-2. It stated, in relevant part, *id.* at 1: "In response to your request, enclosed is an account history from July 04, 2012, through August 04, 2015." Also included in Exhibit E is a copy of the Note dated June 9, 2006 (*id.* at 3-5); an

---

[16] Plaintiff's Exhibit C (ECF 22-3) omitted the final four pages of Claim 4-1, which included, in relevant part, an "Escrow account disclosure statement and notice of new mortgage payment," dated December 4, 2014, which America's Servicing Company sent to Monica Palacios. RAG-14-28322, Claim 4-1 at 36-38.

"Addendum to Note" dated June 9, 2006 (*id.* at 6); and an undated "Allonge to Note" on First National Bank of Nevada letterhead. *Id.* at 7.

I am mindful that plaintiff has attached many of these exhibits precisely because he contends that the allonges to the note and the loan modification agreement contain untrue information that defendants have knowingly submitted in court. *See* ECF 22 ¶ 45. Accordingly, I do not regard as true the contents of the exhibits that plaintiff has attached to the "First Amended Complaint" (ECF 22), merely because they were attached as exhibits.

I have also considered Exhibits A through E (ECF 25-2 through ECF 25-6), attached to the U.S. Bank Motion (ECF 25). These include a "Deed" dated July 31, 2003 (ECF 25-2 at 3-4); a "Deed of Trust" dated July 31, 2003 (ECF 25-3 at 3-10); a "Gift Deed" dated May 30, 2006 (ECF 25-4 at 3-4); a "Deed of Trust" dated June 9, 2006 (ECF 25-5 at 3-18); and an "Assignment" from MERS to U.S. Bank dated April 1, 2011 (ECF 25-6 at 3). In my view, plaintiff's allegations are based, at least in part, on these documents and thus they are integral to the "First Amended Complaint." ECF 22. Moreover, there is no indication that plaintiff challenges the authenticity of these records. Rather, plaintiff asserts in the "First Amended Complaint," *id.* ¶ 45 (emphasis added): "An actual controversy exists between Plaintiff and Defendants regarding the *Allonges to the Note* and the *Loan Modification Agreement* [of November 19, 2009] in that the Plaintiff contends that those documents are fraudulent, legally unenforceable and do not transfer any interest to anybody and should be declared null and void."

In addition, "a court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'" *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015); *see also*

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Katyle v. Penn Nat'l Gaming, Inc.,* 637 F.3d 462, 466 (4th Cir. 2011), *cert. denied,____* U.S. ____, 132 S. Ct. 115 (2011); *Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).  Pursuant to Fed. R. Evid. 201, a court may take judicial notice of adjudicative facts if they are "not subject to reasonable dispute," in that they are "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

Moreover, "[a] court may take judicial notice of docket entries, pleadings and papers in other cases without converting a motion to dismiss into a motion for summary judgment." *Brown v. Ocwen Loan Servicing, LLC*, PJM-14-3454, 2015 WL 5008763, at *1 n.3 (D. Md. Aug. 20, 2015), *aff'd*, ___ Fed. Appx. ___, 2016 WL 2609617 (4th Cir. May 6, 2016).  *Cf. Anderson v. Fed. Deposit Ins. Corp.*, 918 F.2d 1139, 1141 n. 1 (4th Cir. 1990) (holding that a district court may "properly take judicial notice of its own records").  However, "these facts [must be] construed in the light most favorable" to the non-movant. *Clatterbuck,* 708 F.3d at 557. Accordingly, I may take judicial notice of submissions in earlier court cases concerning plaintiff's efforts to prevent foreclosure of the Property.  In particular, I may consider records pertaining to plaintiff's earlier court cases concerning the Property, submitted as exhibits by U.S. Bank (ECF 25-7 through ECF 25-12) and by White.  ECF 23-2 through ECF 23-6.

### III.    Discussion

### A.  Res Judicata

Defendants contend, *inter alia*, that the "First Amended Complaint" (ECF 22) is barred by the doctrine of res judicata.  ECF 23-1 at 22-25; ECF 25-1 at 9-11.[17]

As noted, plaintiff has not opposed either the White Motion (ECF 23) or the U.S. Bank Motion (ECF 25).  However, as clarified by plaintiff's "Reply in Opposition to US. [sic] Bank Opposition to Plaintiff's Second Motion for Leave to Amend the First Amended Complaint" (ECF 32), plaintiff asserts that his claims are "not barred by res judicata." *Id.* at 2.  In particular, plaintiff submits, *id.* at 1: "Prior litigation did not adjudicate the issue of the allonges to the Note or considered [sic] the events and facts presented during his bankruptcy in Maryland. . . ." According to plaintiff, the "demand for relief" in this case "is based on the declaration on the Proof of Claim submitted with the bankruptcy court," which the parties "did not and therefore could not litigate . . . prior to the bankruptcy filing. . . ." *Id.* at 2.  In the alternative, plaintiff argues that there "has been no decision on the allonges as shown in transcript [sic] of Judge Mayer's decision." *Id.*  I assume that plaintiff refers to his second voluntary petition for bankruptcy filed in the United States Bankruptcy Court for the Eastern District of Virginia. *In re Jaime Palacios*, 13-11200-RMG (Bankr. E.D. Va.).

Res judicata, or claim preclusion, is a judicial doctrine by which "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States,* 440 U.S. 147, 153 (1979); *see Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008).  The doctrine precludes parties from "contesting matters that

---

[17] Because I resolve the motions to dismiss (ECF 23; ECF 25) on the basis of res judicata, I need not consider defendants' other arguments in support of dismissal.

they have had a full and fair opportunity to litigate," thereby conserving judicial resources and minimizing the possibility of inconsistent decisions.  *Montana*, 440 U.S. at 153–54.

The doctrine of res judicata was "designed to protect 'litigants from the burden of relitigating an identical issue with the same party or his privy and [to promote] judicial economy by preventing needless litigation.'"  *Laurel Sand & Gravel, Inc.*, 519 F.3d at 161-62 (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979)).  Res judicata also extends to claims that could have been asserted and litigated in the original suit.  *Clodfelter v. Republic of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013).

The applicable law for purposes of claim preclusion in federal court is the law of the tribunal in which the prior judgment was entered.  *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *accord Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005).  The Fourth Circuit has said: "Generally, the preclusive effect of a judgment rendered in state court is determined by the law of the state in which the judgment was rendered."  *Laurel Sand & Gravel, Inc.*, 519 F.3d at 162; *accord Jones v. HSBC Bank USA, N.A.*, 444 F. App'x 640, 643 (4th Cir. 2011) (per curiam).

The doctrine applies when the following three elements are present: "(1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and later suit, and (3) an identity of parties or their privies in the two suits."  *Clodfelter*, 720 F.3d at 210 (citation and quotation marks omitted); *see Weiner v. Fort*, 197 F. App'x 261, 264 (4th Cir. 2006); *In re Varat Enterprises, Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996) ("claim preclusion occurs when three conditions are satisfied: 1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due

process; 2) the parties are identical, or in privity, in the two actions; and, 3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding"); *Young–Henderson v. Spartanberg Area Mental Health Ctr.,* 945 F.2d 770, 773 (4th Cir. 1991) (quoting *Nash Cty. Bd. of Educ. v. Biltmore Co.,* 640 F.2d 484, 486 (4th Cir. 1981)).[18]

All of these elements are satisfied here.  First, plaintiff has filed *at least* two prior actions,[19] one in the Circuit Court of Fairfax County, Virginia (*see* ECF 25-7, ECF 25-8) and one in the United States District Court for the Eastern District of Virginia.[20]  *Jaime Palacios v. Shapiro, Brown & Alt, LLC, et al.*, 13-cv-01582-LO-TCB (E.D. Va.).  Both cases resulted in final judgments on the merits—dismissal of plaintiff's claims, with prejudice.  ECF 25-8; *Jaime Palacios v. Shapiro, Brown & Alt, LLC, et al.*, 13-cv-01582-LO-TCB (E.D. Va.) (ECF 24).  In this regard, I note that Judge O'Grady dismissed plaintiff's claims, *inter alia*, on the basis of res

---

[18] Maryland law is to the same effect.  *See*, *e.g.*, *Powell v. Breslin*, 430 Md. 52, 63-64, 59 A.3d 531, 538 (2013); *Cochran v. Griffith Energy Servs., Inc.*, 426 Md. 134, 140, 43 A.3d 999, 1002 (2012); *deLeon v. Slear*, 328 Md. 569, 580, 616 A.2d 380, 385 (1992).

[19] I note that Judge O'Grady observed that plaintiff had filed "at least five civil actions . . . in the Circuit Court of Fairfax County."  *Jaime Palacios v. Shapiro, Brown & Alt, LLC, et al.*, 13-cv-01582-LO-TCB (E.D. Va.) (ECF 24 at 1).

[20] U.S. Bank contends, ECF 25-1 at 9 (emphasis in original): "Plaintiff's claims are not barred by just one judgment but by *all* of the decisions recounted above that rejected his claims." As the U.S. Bank Motion (ECF 25-1) also discusses plaintiff's bankruptcy proceedings in the Eastern District of Virginia and in the District of Maryland (*id.* at 4-7), I assume that U.S. Bank argues that plaintiff's bankruptcy proceedings also implicate res judicata.  I note, however, that U.S. Bank's argument focuses on plaintiff's original actions in the Circuit Court of Fairfax County and the United States District Court for the Eastern District of Virginia.  *See id.* at 9-11. Indeed, from the procedural history that U.S. Bank and White present, it is not apparent that plaintiff's previous bankruptcy cases reached the merits of the claims that plaintiff advances here.  In this respect, I note that, after U.S. Bank and White filed their motions to dismiss, Judge Gordon granted plaintiff's motion to reconsider (RAG-14-28322, ECF 110) and dismissed the case without prejudice.  *Id.*, ECF 120.  In any event, I need not reach whether plaintiff's previous bankruptcy cases also implicate res judicata because I am persuaded that plaintiff has litigated his claims to conclusion at least twice—once in state court and once in federal court in Virginia.

judicata.  *Id.*, ECF 24 at 3-4.  Accordingly, plaintiff's previous suits in the Circuit Court of

Fairfax County and the United States District Court for the Eastern District of Virginia satisfy

the first element.

Second, the claims in the earlier actions are "identical" for purposes of res judicata.  A

claim is identical in the context of res judicata if it "involves a right arising out of the same

transaction or series of connected transactions that gave rise to the claims in the first action."

*Harnett v. Billman,* 800 F.2d 1308, 1314 (4th Cir. 1986); *see Clodfelter*, 720 F.3d at 210 ("[W]e

follow the 'transactional' approach when considering whether causes of action are identical: 'As

long as the second suit 'arises out of the same transaction or series of transactions as the claim

resolved by the prior judgment,' the first suit will have preclusive effect.'" (citation omitted)); *In

re Varat Enterprises, Inc.*, 81 F.3d at 1316.  Notably, "[u]nder this transactional approach, res

judicata will bar a 'newly articulated claim[ ]' if it is based on the same underlying transaction

and could have been brought in the earlier action."  *Clodfelter*, 720 F.3d at 210 (citing *Laurel

Sand & Gravel, Inc.*, 519 F.3d at 162).

Both prior cases advanced substantially similar allegations against defendants: that U.S.

Bank, as well as its agents and attorneys, relied on false or forged documents to pursue

fraudulent foreclosure proceedings against the Property.  In particular, in both prior actions,

plaintiff alleged that a defect in alonges to the note called into question the basis for foreclosure.

ECF 25-7 at 3 ¶ 8; *Jaime Palacios v. Shapiro, Brown & Alt, LLC, et al.*, 13-cv-01582-LO-TCB

(E.D. Va.) (ECF 11-1 ¶¶ 16-25).  As noted, this is the crux of the "First Amended Complaint"

(ECF 22).  *See, e.g.,* ECF 22 at 3 ¶ 5.  That plaintiff repackaged his core allegations as different

causes of action is irrelevant.  "A plaintiff's invocation of a different legal theory in the

subsequent action" does not preclude application of res judicata. *Onawola v. Johns Hopkins Univ.*, AMD–07–870, 2007 WL 5428683, at *1 (D. Md. Sept. 24, 2007) (citing *Harnett*, 800 F.2d at 1314); *see* Restatement (Second) of Judgments § 24(2) cmt. c (1982). Accordingly, to the extent that plaintiff relies on a theory of relief that differs from his prior cases, this does not bar application of res judicata in this case.

Finally, the defendants in this case are in privity with the defendants in the previous cases. Parties are in privity for purposes of res judicata where they are "so identified in interest . . . that [they] represent the same legal right in respect to the subject matter involved." *Martin v. Am. Bancorporation Ret. Plan*, 407 F.3d 643, 651 (4th Cir. 2005).

To be sure, the Fourth Circuit has cautioned that "privity is an elusive concept." *Martin*, 407 F.3d at 651. It has recognized that "privity" is "'merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the res judicata.'" *Id.* (quoting *Nash v. County Bd. of Educ. v. Biltmore Co.*, 640 F.3d 484, 494 (4th Cir. 1981)). In this regard, the Fourth Circuit noted Wright & Miller's recommendation "that the privity label either be discarded entirely or 'retained as no more than a convenient means of expressing conclusions that are supported by independent analysis.'" *Martin,* 407 F.3d at 651 n. 16 (quoting 18A Wright & Miller, Federal Practice & Procedure § 4448, at 327 (2d ed. 2002)).

The Fourth Circuit has said: "To be in privity with a party to a former litigation, the non-party must be 'so identified in interest with a party to former litigation that he represents precisely the same legal right in respect to the subject matter involved.'" *Martin*, 407 F.3d at 651 (citation omitted). The Court has recognized three general "categories of non-parties who

will be considered in privity with a party to the prior action and who will therefore be bound by a prior adjudication": first, a "non-party who controls the original action"; second, a "successor-in-interest to a prior party"; and third, a "non-party whose interests were adequately represented by a party to the original action," a narrow concept that the Fourth Circuit has termed "virtual representation." *Id.* (citing *Klugh v. United States,* 818 F.2d 294 (4th Cir. 1987)).

In *Martin*, the Fourth Circuit explained, 407 F.3d at 651 (quoting *Klug*, 818 F.2d at 300) (emphasis in *Martin*):

> Because the doctrine of virtual representation applies principles of res judicata to nonparties to a judgment, the doctrine must cautiously be applied in order to avoid infringing on principles of due process…. *The doctrine of virtual representation does not authorize application of a bar to relitigation of a claim by a nonparty to the original judgment where the interests of the parties to the different actions are separate or where the parties to the first suit are not accountable to the nonparties who file a subsequent suit. In addition, a party acting as a virtual representative for a nonparty must do so with at least the tacit approval of the court.*

In defining "'tacit approval'" the Fourth Circuit said, *Martin*, 407 F.3d at 651-52 (quoting *Klug*, 818 F.2d at 300): "'The essential question is whether there is a disclosed relationship in which the party is accorded authority to appear as a party on behalf of others.'"

Plaintiff's role in the prior cases in the Circuit Court of Fairfax County and federal court in the Eastern District of Virginia is clear.  Plaintiff brought the action in the Eastern District of Virginia in his own name.  *See Jaime Palacios v. Shapiro, Brown & Alt, LLC, et al.*, 13-cv-01582-LO-TCB (E.D. Va.) (ECF 1).  With regard to the case before the Circuit Court of Fairfax County, I note that plaintiff's children technically filed the suit, but with plaintiff serving as next of friend to his two minor children.  ECF 25-7.  Yet, plaintiff remained the true party in interest. As discussed, plaintiff executed a "Gift Deed," transferring the Property to his children—at least

two of whom were minors—less than two months before his wife, Monica, filed a voluntary petition for bankruptcy relief.  *See* ECF 25-7 at 7-8; *In re Monica Palacios*, 11-15499-RGM (Bankr. E.D. Va.) (ECF 1).  That plaintiff, the original purchaser of the Property, continues, some dozen years later, to seek to stop foreclosure on the Property is ample evidence that his intervening gift conveyances to family members have not diluted his interest in the Property.

It is also apparent that the defendants in this suit are the same or in privity with the defendants in plaintiff's prior suits in the Circuit Court of Fairfax County and in the Eastern District of Virginia.  In this regard, I note that plaintiff named U.S. Bank as a defendant in the case before the Circuit Court of Fairfax County.  The other defendant in this case, White, and the defendants in plaintiff's two prior suits, were not merely virtual representatives of U.S. Bank. Rather, each of them was an *actual* representative of U.S. Bank in U.S. Bank's efforts to enforce its rights as to the Property.  With regard to the case before the Circuit Court of Fairfax County, the other defendant, PFC, had served as a substitute trustee in the foreclosure proceeding against the Property.  ECF 25-7 at 1.  Likewise, in the suit that plaintiff filed in the Eastern District of Virginia, plaintiff named not only PFC, but also Shapiro, a law firm allegedly involved for the purpose of conducting foreclosure sales.  *Jaime Palacios v. Shapiro, Brown & Alt, LLC, et al.*, 13-cv-01582-LO-TCB (E.D. Va.) (ECF 11-1 ¶ 10).

In this case, plaintiff brings suit against White, the law firm that represented U.S. Bank in plaintiff's most recent effort to avoid foreclosure in bankruptcy court in the District of Maryland. White was merely the vehicle through which U.S. Bank appeared.   Thus, there is little doubt the U.S. Bank, as well as its agents and attorneys, share the same legal interest with respect to the Property.

Accordingly, all three elements of res judicata are satisfied here.  It follows that the "First Amended Complaint" (ECF 22) must be dismissed.[21]

### A.   Leave to Amend

As discussed, plaintiff seeks to file a Second Amended Complaint (ECF 28-1).  ECF 27. Plaintiff maintains, *inter alia*, that he should be permitted to file another amended complaint because, "based on his investigation of facts," he has learned that "Wells Fargo has participated, facilitated, corroborated through its attorneys in [sic] fraudulent behavior to the detriment of Plaintiff and willfully and maliciously conspired with others to file fraudulent documents in state and federal courts."  ECF 27 at 2.  Plaintiff maintains that "[d]efendants cannot assert that they

---

[21] In the text of the U.S. Bank Motion, U.S. Bank asks the Court to "award Defendant any recoverable attorneys' fees and costs . . . ."  ECF 25 at 1-2.  Both Maryland and the Fourth Circuit apply the American Rule.  *See, e.g, United Food & Comm. Workers, Local 400 v. Marvel Poultry Co.,* 876 F.2d 346, 350 (1989) ("Without . . . express contractual or statutory authorization, courts generally adhere to the American Rule which requires each party to bear its own litigation costs, including attorney's fees.").  Under the "American Rule," a "prevailing party is not awarded attorney's fees 'unless (1) the parties to a contract have an agreement to that effect, (2) there is a statute that allows the imposition of such fees, (3) the wrongful conduct of a defendant forces a plaintiff into litigation with a third party, or (4) a plaintiff is forced to defend against a malicious prosecution.'"  *Nova Research, Inc. v. Penske Truck Leasing Co.,* 405 Md. 435, 445, 952 A.2d 275, 281 (2008) (quoting *Thomas v. Gladstone,* 386 Md. 693, 699, 874 A.2d 434, 437 (2005)).

U.S. Bank presents no argument and provides no authority for why the Court should require plaintiff to pay U.S. Bank's attorneys' fees and costs.  In this regard, I note that U.S. Bank's memorandum (ECF 25-1) and proposed order (ECF 25-13) do not discuss the award of attorneys' fees.  Moreover, U.S. Bank has not submitted any information to the Court as to the particulars of its fee request.  The record is devoid of any information as to services performed, the time expended thereon, the experience of the lawyer(s), and the hourly rate(s).  *See, e.g., Rauch v. McCall,* 134 Md. App. 624, 639, 761 A.2d 76, 84 (2000).  Because no documentation has been provided by U.S. Bank, I cannot determine how, why or when the legal fees were incurred.  Accordingly, to the extent U.S. Bank requests an award of "any recoverable attorneys' fees and costs . . . ." (ECF 25 at 1-2), the request is denied.

will be prejudiced by the amendment" and "there is no evidence of undue delay, bad faith, or dilatory motive" on his part.  *Id.* at 3.

Defendants vigorously oppose the Second Motion to Amend.  *See* ECF 29; ECF 30.  U.S. Bank submits, ECF 30 at 1-2:

> Plaintiff's request to file a *third* Complaint in this case is the latest example of Plaintiff attempting to use the courts—without justification—for the purpose of delaying US Bank from enforcing its rights under the loan documents. . . . Plaintiff has not established good cause and has not otherwise provided any compelling grounds for leave for amend [sic] to be granted. Defendants would be further prejudiced by a delay in the prosecution and adjudication of this case. Plaintiff has displayed bad faith, and the proposed amendment is futile.

White advances similar arguments.  *See* ECF 29 ¶¶ 1-7.

Fed. R. Civ. P. 15(a)(2) states, in part: "The court should freely give leave [to amend] when justice so requires." *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc); *Simmons*, 634 F.3d at 769. "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court . . . ." *Foman*, 371 U.S. at 182. However, "[d]elay [in the case's resolution] alone is an insufficient reason to deny leave to amend." *Edwards*, 178 F.3d at 242. "Rather, the delay must be accompanied by prejudice, bad faith, or futility." *Id.* (citation omitted); *see Simmons,* 634 F.3d at 769; *Equal Rights Center v. Niles Bolton Assocs.,* 602 F.3d 597, 603.  All three factors are present here.

## 1.  Prejudice

"Perhaps the most important factor listed by the [Supreme] Court for denying leave to amend is that the opposing party will be prejudiced if the movant is permitted to alter a pleading." 6 Wright & Miller, Federal Practice and Procedure (2004 & 2015 Supp.) § 1487 at 701 ("Wright & Miller") (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321

(1971); *United States v. Hougham*, 364 U.S. 310 (1960)). "[I]f the court is persuaded that no prejudice will accrue, the amendment should be allowed." 6 Wright & Miller § 1487 at 701.

"[P]rejudice can result where a proposed amendment raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party, but that basis for a finding of prejudice essentially applies where the amendment is offered shortly before or during trial." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). In *Newport News Holdings Corp. v. Virtual City Vision, Inc.*, 650 F.3d 423, 439 (4th Cir. 2011), the Court said: "'Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing . . . . [T]he further the case progressed before judgment was entered, the more likely it is that the amendment will prejudice the defendant . . . .'" (quoting *Laber*, 438 F.3d at 427).

To be sure, as plaintiff contends (ECF 27 at 4), this case has not yet proceeded to discovery. Yet, plaintiff is myopic in his attempt to divorce this case from the preceding series of cases that plaintiff has filed to frustrate U.S. Bank's efforts to foreclose on the Property. The simple reality is that plaintiff has, in one form or another, sought for years to prevent foreclosure on the Property in many different courts in two states. As discussed, *infra*, the proposed amended complaint is futile. Further delay of U.S. Bank's effort to foreclose on the Property, by requiring defendants to respond to yet another futile complaint, is prejudicial.

## 2.  Bad faith

If a court "determines that the amendment was asserted in bad faith . . . the court may not allow the amendment . . . ." 6 Wright & Miller § 1487 at 748-55. "The court also may consider the good faith of the party seeking the amendment." *Id.* § 1487 at 748-49. A good faith

amendment must advance a colorable legal argument. *See Laber*, 438 F.3d at 428 ("[T]here is no indication that Laber's omission from his original complaint of the legal theory he now seeks to pursue was in bad faith . . . ."); *see also Peamon v. Verizon Corp.*, 581 F. App'x 291, 292 (4th Cir. 2014) (per curiam) ("Because it is clear that, in seeking to amend his complaint, Peamon merely sought to artificially inflate his damages in order to obtain subject matter jurisdiction, we conclude that Peamon's motion to amend was filed in bad faith . . . ."). In addition, "the further the case progresse[s] before judgment [is] entered, the more likely it is that . . . a court will find bad faith . . . ." *Laber*, 438 F.3d at 427; *see Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987) ("[T]here was no showing of purposeful dilatoriness or bad faith by the plaintiffs in the short delay in filing their motion to amend after they became apprised of the possible claim"); 6 Wright & Miller § 1487 at 755 ("When the court inquires into the good faith of the moving party, it typically will take account of the movant's delay in seeking the amendment.").

In my view, plaintiff's Second Motion to Amend (ECF 27) was filed in bad faith. As a preliminary matter, plaintiff's suggestion that he learned of Wells Fargo's involvement in this case during the pendency of this matter is difficult to square with earlier actions brought by plaintiff. *See id.* at 2. In this regard, I note that on June 4, 2013, plaintiff initiated an adversary proceeding against Wells Fargo concerning its involvement with his mortgage. *See Jaime Palacios v. Wells Fargo Bank, NA, et al.*, 13-01131-RGM (Bankr. E.D. Va.) (ECF 1). Accordingly, it is unclear why plaintiff could not have named Wells Fargo as a defendant when he initially filed suit in this case.

Moreover, read within the context of plaintiff's earlier case in the federal court in the Eastern District of Virginia, *Jaime Palacios v. Shapiro, Brown & Alt, LLC, et al.*, 13-cv-01582-LO-TCB (E.D. Va.), it is evident that plaintiff has repeatedly sought to amend his complaints in lieu of providing substantive responses to motions to dismiss.  For example, in the case before Judge O'Grady, plaintiff moved to file an amended complaint (*id.*, ECF 11) before responding to defendants' motion to dismiss (*see id.*, ECF 14).  In this case, plaintiff has twice sought to amend his complaint (*see* ECF 19, ECF 27) rather than to respond to motions to dismiss.  *See* ECF 8; ECF 13; ECF 23; ECF 25.  As White points out in its opposition (ECF 29), plaintiff has thus been able to use "prior . . . Motions to Dismiss as a road map" to cure deficiencies in his pleadings.  *Id.* at 3.  Accordingly, I find that plaintiff filed the Second Motion to Amend (ECF 27) in bad faith.

### 3.  Futility

An amendment is futile "when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson,* 785 F.2d at 510 (citations omitted).  An amendment is also futile if it would fail to withstand a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *Perkins v. United States,* 55 F.3d 910, 917 (4th Cir. 1995); *see Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011); *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.,* 525 F.3d 370, 376 (4th Cir. 2008).

In my view, permitting plaintiff to file yet another amended complaint would be futile because the proposed corrected "Second Amended Complaint" (ECF 28-1) would not survive a motion to dismiss.  Like the "First Amended Complaint" (ECF 22), the proposed "Second Amended Complaint (ECF 28-1) seeks to relitigate claims that other courts have already

resolved and that are thus barred by res judicata. As discussed, plaintiff has already litigated the essence of his claims to final judgment at least twice. The fact that plaintiff now seeks to proceed on additional legal theories, including of a violation of the FDCPA, is of no moment. And, there is little doubt that Wells Fargo is in privity with the defendants in the earlier suits. As I noted, plaintiff brought an adversary proceeding against Wells Fargo within the context of a bankruptcy proceeding in 2013. *See Jaime Palacios v. Wells Fargo Bank, NA, et al.*, 13-01131-RGM (Bankr. E.D. Va.) (ECF 1). Accordingly, plaintiff's proposed corrected "Second Amended Complaint" (ECF 28-1) would be futile because it would not survive a motion to dismiss on grounds of res judicata.

In light of the foregoing, plaintiff's Second Motion to Amend (ECF 27) must be denied.

### III. Conclusion

For the foregoing reasons, I will construe the White Motion (ECF 23) as a motion to dismiss and grant it. I will also grant the U.S. Bank Motion. ECF 25. And, I will deny the Second Motion to Amend. ECF 27.

A separate Order follows, consistent with this Memorandum Opinion.


Date: June 23, 2016                              _____/s/_____
                                                 Ellen Lipton Hollander
                                                 United States District Judge